```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


JOHN DOE I                                        CIVIL ACTION

v.                                                NO. 13-128

HOLY SEE, ET AL.                                  SECTION "F"
```

ORDER AND REASONS

Before the Court are two motions: (1) the Archdiocese's Motion to Dismiss Claims for Punitive Damages; and (2) Most Reverend Gregory M. Aymond's Conjoined Rule 12 Motions. For the reasons that follow, the motions are GRANTED.

**Background**

This case arises out of very serious allegations that a Catholic priest sexually abused a pre-adolescent parishioner, and that various parties within the Roman Catholic Church concealed and covered-up the sexual abuse.

John Doe alleges that he has suffered damages as a result of being sexually abused by former Catholic Priest Mark Anthony Broussard at various locations in Louisiana from 1985 to 1988 and in 1992, when Doe was just a young boy. Doe alleges that he was so severely traumatized by Broussard's deviant sexual conduct that he lost all recollection and memory of the specific incidents and acts of sexual abuse until March 2012.[1]

---

[1] According to the plaintiff, in March 2012, Calcasieu Parish Sheriff contacted plaintiff after the Sheriff had reviewed the

1

On January 23, 2013 plaintiff, suing pseudonymously as John Doe, sued Most Reverend Gregory M. Aymond, his predecessors and successors as Archbishop of the Roman Catholic Church of the Archdiocese of New Orleans; Holy See (State of the Vatican); the Roman Catholic Church of the Archdiocese of New Orleans; the Society of the Roman Catholic Church of the Diocese of Lake Charles; Most Reverend Glen J. Provost, his predecessors and successors as Bishop of the Roman Catholic Diocese of Lake Charles; and Mark Anthony Broussard.  In his 40-page complaint, the plaintiff details the history of concealment of sexual abuse by the Roman Catholic Church, and presents various claims against each of the defendants: that the defendants were aware of the harm to the plaintiff and the concealment effort was part of a civil conspiracy to keep the rampant sexual abuse in the church a secret; the defendants committed fraud in their concealment of Broussard's sexual misconduct; the Archdiocese and Diocese defendants negligently employed Broussard, failed to provide reasonable supervision, failed to investigate, used deception to conceal his sexual misconduct, and breached their fiduciary duty to plaintiff; Holy See breached its duties to protect and warn plaintiff, and

---

Diocese of Lake Charles' personnel file on Broussard; in a deposition given by Broussard in 1998, Broussard apparently confessed that he had sexually abused plaintiff and other children as a Catholic cleric and priest with the Archdiocese of New Orleans and the Diocese of Lake Charles.  Only after hearing about Broussard's confession did plaintiff recall Broussard's sexual abuse.

to provide reasonable supervision of its employees, as well as concealed child sexual abuse, breaching its duties under federal common law, state law, and international law; Holy See, Father Broussard, and the Archdiocese and Diocese defendants are liable for intentional infliction of emotional distress. Plaintiff seeks $6,000,000 in damages and $12,000,000 in exemplary damages.

Archbishop Aymond now seeks to dismiss the claims asserted against him (and those claims asserted generally against "the Archbishops"), and the Archdiocese of New Orleans seeks to dismiss the punitive damages claims asserted against it.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

4

555 (2007) (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd.,

551 U.S. 308, 322 (2007)).

## II.
### A.

Archbishop Aymond contends that the plaintiff has failed to state a claim against him and generically "The Archbishops" because he fails to allege a sufficient basis for imposing liability against him, or against "The Archbishops". The Court agrees.

Archbishop Aymond contends that the plaintiff alleges no specific facts that would suggest liability on the part of Archbishop Aymond. Considering that it is unclear from the complaint what sort of claim the plaintiff seeks to allege against Archbishop Aymond and generically the Archbishops, the Court agrees. Assuming that the plaintiff is pursuing a negligence claim against Archbishop Aymond (although it is not clear from the allegations of the complaint, which fail to makes references to specific facts giving rise to Aymond's alleged liability), Archbishop Aymond specifically challenges the sufficiency of the plaintiff's allegations concerning the cause-in-fact element of any negligence claim.[2]

Concerning general negligence claims in Louisiana:

> Louisiana Civil Code article 2315 is the duty/risk analysis, which consists of the following four-prong inquiry: (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff (i.e.,

---

[2]The plaintiff's opposition papers shed no light on what theory of law serves as the basis of the hypothetical claim against the Archbishop.

>was it a cause-in-fact of the harm which occurred)? (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of the protection afforded by the duty breached? Under a duty/risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. As such, in order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element).

Rando v. Anco Insulations, Inc., 16 So.3d 1065, 1085-86 (internal citations omitted).

Archbishop Aymond contends that the plaintiff's only allegation against him is that he is the current spiritual head and corporate president of The Roman Catholic Church of the Archdiocese of New Orleans.[3] Indeed, as to Archbishop Aymond, the plaintiff's complaint contains no factual matter that the Court could accept as true that would state a claim for relief that is plausible on its face. In his opposition papers, the plaintiff counters that the Roman Catholic Church's duty to protect plaintiff was delegated to Archbishop Aymond and "the Archbishops" and that, even before

---

[3] Archbishop Aymond requests that the Court take judicial notice of the fact that he did not become Archbishop until August 20, 2009, which is 17 years after the last time Broussard is alleged to have abused the plaintiff. The Court takes judicial notice of this fact.

plaintiff himself was abused, "the Archbishops had received complaints about Broussard but failed to act".  The plaintiff fails to plead factual content that would support a finding that the conduct of Archbishop Aymond (or "the Archbishops") was a substantial factor in bringing about the harm to the plaintiff.  As noted, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  The plaintiff's allegations fall short.

    And, to the extent Archbishop Aymond also seeks to dismiss claims asserted against all "Archbishops", the request is granted.  It does not appear that "the Archbishops" are juridical persons under Louisiana law capable of being sued.  See La. Civ. Code art. 24.  The plaintiff does not address this issue and wholly fails to suggest how his attempt to assert claims against "the Archbishops" can ever pass muster.[4]

---

    [4]The plaintiff concedes that "[t]his lawsuit is to fully discover and determine all the proper parties within the Roman Catholic Church having a role and part in causing harm to Plaintiff and to obtain a judgment for damages against these parties in solido."  Even so, the plaintiff must name defendants that have the substantive legal personality to have the procedural capacity to be sued and must also allege facts that, if proven, give rise to relief.

*B.*

Under Louisiana law, punitive damages are not recoverable unless expressly authorized by statute. <u>International Harvester Credit Corp. v. I.T. Seale</u>, 518 So.2d 1039, 1041 (La. 1988)(citations omitted); <u>Albert v. Farm Bureau Ins., Inc.</u>, 940 So.2d 620, 622 (La. 2006)(citation omitted). Even a statute that authorizes recovery of punitive damages must be strictly construed. <u>Id.</u> (citations omitted). The plaintiff's allegations of criminal sexual activity by Broussard appear to implicate one of the narrow circumstances permitting punitive damages: Louisiana Civil Code article 2315.7, which provides:

> Art. 2315.7. Liability for damages caused by criminal sexual activity during childhood
>
> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton and reckless disregard for the rights and safety of the person through criminal sexual activity which occurred when the victim was seventeen years old or younger, regardless of whether the defendant was prosecuted for his or her acts. The provisions of this Article shall be applicable only to the perpetrator of the criminal sexual activity.

Even though the plaintiff's allegations regarding Broussard's conduct appear to fall within the scope of this punitive damages provision, the Archdiocese seeks to dismiss the plaintiff's punitive damages claim as asserted against it. First, the Archdiocese contends that the plaintiff is not legally entitled to recover punitive damages from the Archdiocese because the Louisiana

9

statute authorizing punitive damages did not take effect until after the alleged factual bases for awarding them. Second, even if La. Civ. Code article 2315.7 applies retroactively, the Archdiocese contends that the authorizing statute expressly applies only to the actual abuser, not to the Archdiocese. The Court agrees.

The plaintiff does not dispute that Article 2315.7 was enacted in 1993 and, thus, was not in effect at the time of the alleged abuse, which is alleged to have ended in 1992. However, the plaintiff pleads delayed discovery of the harm caused by the sexual abuse, and contends that "it was well after the effective date of La. Civ. Code Ann. art. 2315.7 for punitive damages when plaintiff discovered his injuries and his cause of action arose." The Archdiocese counters that the plaintiff fails to address the issue of whether article 2315.7 could apply to pre-1993 abuse. In fact, the Archdiocese points out that established case law holds that punitive damage provisions cannot apply to a defendant's actions that predate the law's enactment. The Court agrees.

The Louisiana Supreme Court has instructed that a statute authorizing punitive damages for prohibited conduct would be impermissibly retroactive if applied to pre-enactment conduct that resulted in post-enactment damage. <u>Anderson v. Avondale Industries, Inc.</u>, 798 So.2d 93, 101-03 (La. 2001). Thus, where (as here) a statute authorizing punitive damages is not expressly retroactive, it does not apply to conduct that occurred before its

10

effective date, regardless of when the damages arose or were discovered. See id.; see also Arledge v. Holnam, Inc., 957 F. Supp. 822, 829 (E.D.La. July 12, 1996). Because article 2315.7 was enacted in 1993, it does not apply to pre-enactment conduct, such as the alleged sexual abuse by Broussard that ended in 1992.[5]

Accordingly, the motions to dismiss are GRANTED. The plaintiff's claims against Archbishop Aymond (and his "predecessors and successors" called "the Archbishops") are hereby dismissed; additionally, the plaintiff's punitive damages claim against the Archdiocese of New Orleans is hereby dismissed.

New Orleans, Louisiana, April 24, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] Finally, even if the plaintiff in good faith believed that amending his claim for punitive damages against the Archdiocese could be accomplished, any request for leave appears to be futile. Article 2315.7 expressly applies "only to the perpetrator of the criminal sexual activity"; here, Broussard.