UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN DOE I                                                CIVIL ACTION

v.                                                        NO. 13-128

HOLY SEE, ET AL.                                          SECTION "F"

ORDER AND REASONS

Before the Court is The Society of the Roman Catholic Church of the Diocese of Lake Charles and the Most Reverend Glen J. Provost's motion for judgment on the pleadings. For the reasons that follow, the motion is GRANTED in part and DENIED in part, without prejudice.

**Background**

This case arises out of troubling allegations that a Catholic priest sexually abused a pre-adolescent parishioner, and that leadership within the Roman Catholic Church concealed and covered-up the sexual abuse.

John Doe alleges that he has suffered damages as a result of being sexually abused by former Catholic Priest Mark Anthony Broussard at various locations in Louisiana from 1985 to 1988 and in 1992, when Doe was just a young boy. Doe alleges that he was so severely traumatized by Broussard's deviant sexual conduct that he lost all recollection and memory of the specific incidents and acts

1

of sexual abuse until March 2012.[1]

On January 23, 2013 Plaintiff, suing pseudonymously as John Doe, sued Most Reverend Gregory M. Aymond, his predecessors and successors as Archbishop of the Roman Catholic Church of the Archdiocese of New Orleans; the Holy See (State of the Vatican); the Roman Catholic Church of the Archdiocese of New Orleans; the Society of the Roman Catholic Church of the Diocese of Lake Charles; Most Reverend Glen J. Provost, his predecessors and successors as Bishop of the Roman Catholic Diocese of Lake Charles; and Mark Anthony Broussard.  In his 40-page complaint, the plaintiff details the history of concealment of sexual abuse by the Roman Catholic Church, and presents various claims against each of the defendants, including a claim that the defendants were aware of the harm to the plaintiff and the concealment effort was part of a civil conspiracy to keep the rampant sexual abuse in the church a secret; the defendants committed fraud in their concealment of Broussard's sexual misconduct; the Archdiocese and Diocese defendants negligently employed Broussard, failed to provide reasonable supervision, failed to investigate, used deception to

---

[1]According to the plaintiff, in March 2012, Calcasieu Parish Sheriff contacted Plaintiff after the Sheriff had reviewed the Diocese of Lake Charles' personnel file on Broussard; in a deposition given by Broussard in 1998, Broussard apparently confessed that he had sexually abused plaintiff and other children as a Catholic cleric and priest with the Archdiocese of New Orleans and the Diocese of Lake Charles.  Only after hearing about Broussard's confession did plaintiff recall Broussard's sexual abuse.

2

conceal his sexual misconduct, and breached their fiduciary duty to plaintiff;  the Holy See breached its duties to the protect and warn plaintiff, and to provide reasonable supervision of its employees, as well as concealed child sexual abuse, breaching its duties under federal common law, state law, and international law; and that the Holy See, Father Broussard, and the Archdiocese and Diocese defendants are liable for intentional infliction of emotional distress.  Plaintiff seeks $6,000,000 in damages and $12,000,000 in exemplary damages.

On April 24, 2013 the Court granted Archbishop Aymond's motion to dismiss the claims against him (as well as the claims asserted against "the Archbishops" generally or Archbishop Aymond's "predecessors and successors"); the Court also granted the Archdiocese of New Orleans' motion to dismiss the punitive damages claims asserted against it.

Now, Bishop Provost seeks to dismiss the claims asserted against him (and those claims asserted generally against "Predecessor and Successor Bishops"), and the Diocese of Lake Charles seeks to dismiss the punitive damages claims asserted against it.

I.

The standard for deciding a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for deciding a motion under Rule 12(b)(6).

Gentilello v. Rege, 627 F.3d 540, 543-44 (5th Cir. 2010). "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)(citation omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light

4

most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A corollary: legal conclusions "must be supported by factual allegations."  Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief."  Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 ("The

5

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

## II.
### A.

Bishop Provost contends that the plaintiff has failed to state a claim against him and generically his "predecessors and

successors" because he fails to allege a sufficient basis for imposing liability against him or his predecessors and successors. The Court agrees but, for the reasons that follow, declines to rule on this issue pending the magistrate judge's ruling on the plaintiff's motion to amend his complaint.

Bishop Provost contends that the plaintiff makes no claim that he is the cause-in-fact of the plaintiff's injury, and that the claim against his unspecified "predecessors and successors" must fail. The plaintiff concedes that this Court previously addressed identical arguments raised by Archbishop Aymond (in which the Archbishop challenged nearly identical allegations), and granted the Archbishop's motion to dismiss. However, the plaintiff urges the Court to consider the contents of his proposed amended complaint, which the plaintiff insists will remedy any defects in the original complaint. The Court declines to do so. Whether or not the plaintiff will be permitted to amend his complaint is an issue for the Magistrate Judge to resolve; that hearing is scheduled on July 31, 2013.

By waiting until July 16, 2013 to request leave to file an amended complaint, counsel for plaintiff did not heed this Court's admonishment when it ruled on June 5, 2013:

> To the extent that the plaintiff suggests in his papers that he intends to file an amended complaint, the Court reminds counsel to familiarize herself with the Federal and Local Rules and admonishes counsel not to delay any request to amend the complaint that was filed on January 23, 2013. No further continuances of the defendants'

7

motion will be entertained.

See Order dated June 5, 2013, in which the Court granted the plaintiff's unopposed motion to continue the submission date on the defendants' motion for judgment on the pleadings, which was previously scheduled for submission on June 12, 2013.[2] Nevertheless, the Court will not punish the individual plaintiff for the dilatory conduct of his attorney.[3]

Accordingly, the Bishop's request for judgment on the pleadings, to dismiss the claims asserted against him and his "predecessors and successors", is hereby DENIED without prejudice, pending resolution of the plaintiff's motion to amend complaint. If the motion to amend is denied, the Bishop should promptly re-file his request for judgment on the pleadings.

*B.*

Under Louisiana law, punitive damages are not recoverable unless expressly authorized by statute. International Harvester Credit Corp. v. I.T. Seale, 518 So.2d 1039, 1041 (La. 1988)(citations omitted); Albert v. Farm Bureau Ins., Inc., 940

---

[2]It is worth noting that counsel for plaintiff was placed on notice of the deficiency of the complaint as early as March 22, 2013 (when the Archbishop filed his motion to dismiss); April 24, 2013 (when this Court granted the Archbishop's motion to dismiss); and May 23, 2013 (when Bishop Provost filed the pending motion for judgment on the pleadings based on identically-deficient allegations).

[3]If the Magistrate Judge determines that the plaintiff is entitled to amend his complaint, then the Bishop's request to dismiss the current complaint's allegations is moot.

So.2d 620, 622 (La. 2006)(citation omitted). Even when a statute authorizes recovery of punitive damages, the statute must be strictly construed. Id. (citations omitted). The plaintiff's allegations of criminal sexual activity by Broussard appear to implicate one of the narrow circumstances permitting punitive damages: Louisiana Civil Code article 2315.7, which provides:

> Art. 2315.7. Liability for damages caused by criminal sexual activity during childhood
>
> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton and reckless disregard for the rights and safety of the person through criminal sexual activity which occurred when the victim was seventeen years old or younger, regardless of whether the defendant was prosecuted for his or her acts. The provisions of this Article shall be applicable only to the perpetrator of the criminal sexual activity.

Even though the plaintiff's allegations regarding Broussard's conduct appear to fall within the scope of this punitive damages provision, the defendants seek to dismiss the plaintiff's punitive damages claim. First, the defendants contend that the plaintiff is not legally entitled to recover punitive damages from them because the Louisiana statute authorizing punitive damages did not take effect until after the alleged factual bases for awarding them. Second, even if La. Civ. Code article 2315.7 applied retroactively, the defendants contend that the authorizing statute expressly applies only to the actual abuser, not to the Diocese or the Bishop. The Court agrees.

The plaintiff does not oppose the Diocese's and Bishop's request to dismiss the plaintiff's punitive damages claims; rather, he "defers to the Court's prior ruling on Plaintiff's right to punitive relief." Accordingly, for the reasons articulated in the Court's April 24, 2013 Order and Reasons, to the extent the defendants seek dismissal of the plaintiff's punitive damage claims, the defendants' motion for judgment on the pleadings is GRANTED in part; and, as previously noted, to the extent the Bishop seeks judgment on the pleadings in his favor, dismissing the plaintiff's claims against him and his "predecessor and successors", the motion is DENIED in part, without prejudice, to be re-urged pending the outcome of the plaintiff's pending motion to amend his complaint.

New Orleans, Louisiana, July 24, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE