```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


JOHN DOE I                                          CIVIL ACTION

v.                                                  NO. 13-128

HOLY SEE, ET AL.                                    SECTION "F"
```

ORDER AND REASONS

Before the Court is the Most Reverend Glen J. Provost's motion for judgment on the pleadings. For the reasons that follow, the motion is DENIED.

**Background**

This case arises out of troubling allegations that a Catholic priest sexually abused a pre-adolescent parishioner, and that leadership within the Roman Catholic Church concealed and covered-up the sexual abuse.

John Doe alleges that he has suffered damages as a result of being sexually abused by former Catholic Priest Mark Anthony Broussard at various locations in Louisiana from 1985 to 1988 and in 1992, when Doe was just a young boy. Doe alleges that he was so severely traumatized by Broussard's deviant sexual conduct that he lost all recollection and memory of the specific incidents and acts

1

of sexual abuse until March 2012.[1]

On January 23, 2013 plaintiff, suing pseudonymously as John Doe, sued Most Reverend Gregory M. Aymond, his predecessors and successors as Archbishop of the Roman Catholic Church of the Archdiocese of New Orleans; the Holy See (State of the Vatican); the Roman Catholic Church of the Archdiocese of New Orleans; the Society of the Roman Catholic Church of the Diocese of Lake Charles; Most Reverend Glen J. Provost, his predecessors and successors as Bishop of the Roman Catholic Diocese of Lake Charles; and Mark Anthony Broussard.  In his original complaint, the plaintiff details the history of concealment of sexual abuse by the Roman Catholic Church, and presents various claims against each of the defendants, including a claim that the defendants were aware of the harm to the plaintiff and the concealment effort was part of a civil conspiracy to keep the rampant sexual abuse in the church a secret; the defendants committed fraud in their concealment of Broussard's sexual misconduct; the Archdiocese and Diocese defendants negligently employed Broussard, failed to provide reasonable supervision, failed to investigate, used deception to

---

[1] According to the plaintiff, in March 2012, Calcasieu Parish Sheriff contacted Plaintiff after the Sheriff had reviewed the Diocese of Lake Charles' personnel file on Broussard; in a deposition given by Broussard in 1998, Broussard apparently confessed that he had sexually abused plaintiff and other children as a Catholic cleric and priest with the Archdiocese of New Orleans and the Diocese of Lake Charles.  Only after hearing about Broussard's confession did plaintiff recall Broussard's sexual abuse.

conceal his sexual misconduct, and breached their fiduciary duty to plaintiff; the Holy See breached its duties to protect and warn plaintiff, and to provide reasonable supervision of its employees, as well as concealed child sexual abuse, breaching its duties under federal common law, state law, and international law; and that the Holy See, Broussard, and the Archdiocese and Diocese defendants are liable for intentional infliction of emotional distress. Plaintiff seeks $6,000,000 in damages and $12,000,000 in exemplary damages.

On April 24, 2013 the Court granted Archbishop Aymond's motion to dismiss the claims against him (as well as the claims asserted against "the Archbishops" generally or Archbishop Aymond's "predecessors and successors"); the Court also granted the Archdiocese of New Orleans' motion to dismiss the punitive damages claims asserted against it. One month later, Bishop Provost and the Society of the Roman Catholic Church of the Diocese of Lake Charles requested judgment on the pleadings; Bishop Provost requested that the plaintiff's claims against him be dismissed for the same reasons that the Court dismissed the claims against Archbishop Aymond; the Diocese requested dismissal of the punitive damages claims asserted against it. Thereafter, the Court granted the plaintiff's motion to reset the submission date on the Bishop's and Diocese's motion. Meanwhile, the plaintiff filed a motion for leave to file an amended complaint, which was noticed for submission before the magistrate judge. On July 24, 2013 the Court

granted in part and denied in part the Bishop's and the Diocese's motion for judgment on the pleadings: the Court granted the Diocese's request that the punitive damages claim asserted against it be dismissed, but denied, without prejudice, the Bishop's request that the plaintiff's claims be dismissed, pending the outcome of the plaintiff's motion to amend his pleadings set before the magistrate judge.

On August 21, 2013 the magistrate judge granted in part and denied in part the plaintiff's motion for leave to amend his complaint. The magistrate judge granted the plaintiff's amendment to the extent that (i) the plaintiff removed all defendants except Broussard from his claim for punitive damages; (ii) the plaintiff removed the generic terms "Archbishops" and "Bishops" from the amended complaint; and (iii) the plaintiff adds numerous factual allegations; however, the magistrate judge denied the amendment to the extent the plaintiff sought to reinstitute an individual claim against Archbishop Aymond because "[t]he new allegations in the amended complaint fail to cure the deficiencies outlined in the District Court's Order dated April 24, 2013."

Now that the plaintiff's amended complaint has been filed into the record, Bishop Provost now renews his motion for judgment on the pleadings.

I.

4

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

6

relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

## II.

Bishop Provost contends that the allegations of the complaint should be dismissed against him for the same reasons as the plaintiff's claims were dismissed against Archbishop Aymond. Bishop Provost notes that he was not chosen as Bishop until 2007 -- more than 15 years after the alleged sexual abuse by Broussard. Bishop Provost also contends that the plaintiff has failed to allege that he is a cause-in-fact of his injury.

The plaintiff responds that, in filing the amended complaint, the plaintiff has cured previously defective pleadings and now

7

states plausible claims for relief. The plaintiff contends that "the factual content in the amended complaint allows the Court to draw a reasonable inference that Bishop Provost is liable for misconduct based on various claims, including fraud and fraudulent concealment and intentional infliction of emotional distress and violations against customary international laws."

Bishop Provost's motion for judgment on the pleadings is sparsely-supported. In fact, it appears more targeted to the plaintiff's original complaint, which contained significantly less alleged factual material and had failed to specifically implicate Bishop Provost in any particular activity for which liability could attach. Now, however, the plaintiff has added factual material, specifically alleging that: Bishop Provost was appointed by Holy See as its agent and governing official of the Diocese in 2007, requiring him to follow the Holy See's 1962 policies for handling allegations of sexual abuse; Bishop Provost was mandated to the highest level of secrecy; the 1962 policies mandated no-reporting of child sexual abuse; Bishop Provost covered up the allegations regarding Broussard's sexual abuse; Bishop Provost concealed the fact that Broussard had confessed in 1998 to his child sex crimes and concealed the fact that the transcripts containing his confession had been concealed in Broussard's personnel file in the Diocese; Bishop Provost concealed his knowledge and information that plaintiff and other boys were victimized by Broussard; Bishop

8

Provost never acted on his knowledge of Broussard's sex crimes, or his knowledge regarding plaintiff's claims, but instead held Broussard out to be a retired priest of high moral character; Bishop Provost's acts and omissions concealed the cause of plaintiff's injuries from 2007 to March 2012, which delayed plaintiff's treatment. Based on these allegations, the plaintiff contends that he has stated claims for fraud, fraudulent concealment, intentional infliction of emotional distress, as well as violations against customary international laws.

The defendant's motion does not address any of these alleged claims, let alone any of the newly-added factual allegations asserted against Bishop Provost. Rather, the defendant seems to continue to challenge the sufficiency of the allegations of the original complaint; even the plaintiff admits the allegations previously advanced were technically deficient: in the prior pleading, the plaintiff generically referenced "The Bishops"; failed to attempt to allege an explanation for linking Broussard's sexually abusive conduct from 1986 to 1994 to Bishop Provost, who did not become a Bishop until 2007; and otherwise failed to clarify precisely what sort of substantive claims he was asserting. But the plaintiff has amended his pleadings. The allegations might or might not be provable, or even true, but the defendant simply has not demonstrated that the plaintiff's amended complaint fails to state a claim for relief that is plausible on its face.

9

Accordingly, Bishop Provost's motion for judgment on the pleadings is DENIED.

New Orleans, Louisiana, October 9, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE