UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN DOE I                                CIVIL ACTION

v.                                        NO. 13-128

HOLY SEE, ET AL.                          SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's motion for reconsideration of this Court's order denying his ex parte motion requesting more time to complete service on the Holy See.  For the reasons that follow, the motion is DENIED.

**Background**

The alleged facts of this priest sexual abuse case are more completely set forth in this Court's April 2, 2014 Order and Reasons.  <u>Doe v. Holy See</u>, No. 13-128, 2014 WL 1329985 (E.D. La. Apr. 2, 2014).  What follows are the facts pertinent to resolving the only issue presented now, which is whether the Court should indulge yet another request by the plaintiff to extend his time to effect service on the Holy See.

The original summons directed to the Holy See issued on February 13, 2013; a revised summons, correcting the amount of time allowed for the Holy See to respond under the Foreign Services Immunities Act, issued on February 26, 2013.  On April 23, 2013 the plaintiff requested that the Clerk of Court transmit his complaint

1

and other related service documents to the head of the Holy See's foreign ministry pursuant to 28 U.S.C. § 1608(a)(3). Two days later, on April 25, 2013, the Clerk of Court sent the plaintiff's service documents by registered mail to the Holy See's Secretary for Relations with States; but on May 20, 2013 the service documents were returned to the Clerk of Court, marked "refused."

Three days after the Clerk of Court received notice that the Holy See had refused the plaintiff's service, two other defendants, Bishop Provost and the Society of the Roman Catholic Church of the Diocese of Lake Charles, requested judgment on the pleadings; Bishop Provost requested that the plaintiff's claims against him be dismissed for the same reasons that the Court had previously dismissed the claims against Archbishop Aymond; and the Diocese requested dismissal of the punitive damages claims asserted against it.[1] On June 4, 2013 -- the day his opposition papers were due -- the plaintiff filed an "emergency" motion to reset the submission date on the Bishop's and Diocese's motion; in so doing, the plaintiff insisted that an amended complaint would be forthcoming.[2]

---

[1] On April 24, 2014, the Court granted Archbishop Aymond's motion to dismiss the claims against him (as well as the claims asserted against "the Archbishops" generally or Archbishop Aymond's "predecessors and successors"); the Court also granted the Archdiocese of New Orleans' motion to dismiss the punitive damages claims asserted against it.

[2] Counsel for plaintiff suggested that "deficiencies in Plaintiff's pleadings [that] have previously been recognized and addressed by the Court" would be remedied when plaintiff filed an amended complaint.

The Court granted the plaintiff's request to delay the hearing.[3]

On July 5, 2013 the plaintiff requested, and the Clerk of Court entered, an entry of default as to Mark Broussard.  That same day, the plaintiff requested that the Clerk of Court dispatch the original complaint and other service documents to the State Department to effect service upon the Holy See via diplomatic channels under 28 U.S.C. § 1608(a)(4).  Less than two weeks later, on July 16, 2013, the plaintiff requested leave to file an amended complaint, and responded to the motion for judgment on the pleadings, urging the Court to consider the proposed amended pleading.  On July 22, 2013 the Clerk of Court filed its return receipt for the dispatch of the service materials (including the original complaint) to the Office of Legal Affairs at the Department of State.

On July 24, 2013 the Court granted in part and denied in part the Bishop's and the Diocese's motion for judgment on the pleadings.[4]  On August 21, 2013 the magistrate judge granted in

---

[3]In granting the plaintiff's request to continue the submission date, the Court instructed:
> To the extent that the plaintiff suggests in his papers that he intends to file an amended complaint, the Court reminds counsel to familiarize herself with the Federal and Local Rules and admonishes counsel not to delay any request to amend the complaint that was filed on January 23, 2013.

See Order dated 6/5/2013.

[4]The Court dismissed the punitive damages claim against the Diocese, but denied, without prejudice, the Bishop's request that the plaintiff's claims be dismissed, pending the magistrate

part and denied in part the plaintiff's motion for leave to amend his complaint, and ordered that the plaintiff file his amended complaint within 14 days.  The amended complaint was finally filed on September 4, 2013.

The plaintiff did not attempt to serve the Holy See with the amended complaint or any revised service documents.  On December 6, 2013 the Embassy of the United States of America to the Holy See transmitted the original complaint and related service documents to the Holy See's Secretariat of State via diplomatic note.  The service documents included the original complaint; the notice of suit described the allegations in the original complaint and stated that $18,000,000 in damages and exemplary damages were sought; the notice also identified the plaintiff's original complaint as the nature of documents served, and stated that a response to the complaint was due not later than 60 days after these document[s] are received.

On February 4, 2014 Holy See requested dismissal of the plaintiff's lawsuit for insufficient service of process, insufficient process, and lack of personal jurisdiction.  The Holy

_____

judge's disposition of the plaintiff's motion to amend his pleadings. The Court observed: "By waiting until July 16, 2013 to request leave to file an amended complaint, counsel for plaintiff did not heed this Court's admonishment... 'not to delay any request to amend the complaint that was filed on January 23, 2013'"; the Court noted the "dilatory conduct" of plaintiff's counsel, and pointed out that the plaintiff had been placed on notice of the deficiency of the original complaint "as early as March 22, 2013."

See contended that the attempted service of process failed to
comply with Rule 4(c)(1) of the Federal Rules of Civil Procedure,
and likewise failed to strictly comply with the mandatory protocols
for service under the Foreign Service Immunities Act, 28 U.S.C. §
1608(a).  This Court agreed; among other rulings contained in the
April 2 Order and Reasons, the Court granted the Holy See's motion
to dismiss.[5]  But the dismissal was granted without prejudice to
the plaintiff being permitted to attempt service again within 45
days "so long as the plaintiff commences his efforts immediately
and makes every effort to complete service expeditiously.  The
Court will not be lured into counsel's repeated self-inflicted
deficiencies."  See Doe, 2014 WL 1329985, at *6.

Fifteen days after the Court allowed the plaintiff 45 more
days to attempt service on the Holy See, the plaintiff requested
that the summons be issued.  On April 21, 2014 the Clerk of Court
dispatched the service packet to the Holy See's Secretary for
Relations with States as required under § 1608(a)(3).  On May 15,
the Court granted the plaintiff's request for more time to complete

---

[5]The Court determined that, by serving the original
complaint that had since been superseded by the amended
complaint, the plaintiff failed to comply with Rule 4(c)(1).
"Likewise," the Court observed, "the plaintiff's attempted
service of process failed to strictly comply with the FSIA's
service requirements in 28 U.S.C. § 1608(a) because the plaintiff
failed to serve the operative amended complaint, did not serve a
translation of the operative complaint, and failed to provide a
notice of suit that accurately described the plaintiff's
lawsuit."  Doe v. Holy See, No. 13-128, 2014 WL 1329985, at *6
(E.D. La. Apr. 2, 2014).

service: "Plaintiff shall be allowed an additional 60 days to complete service on Defendant Holy See.... No further delays will be permitted."  On May 23, 2014, the service package was returned to the Clerk of Court, marked "Refuse."  On May 27, 2014 the plaintiff dispatched a second service packet to the Clerk of Court in accordance with the requirements for service under § 1608(a)(4); the U.S. Department received the plaintiff's request to complete service on the Holy See on June 6, 2014.

The plaintiff filed yet another request to extend the deadline to complete service on the Holy See.  On July 17, 2014 the Court denied the request.[6]  The plaintiff now seeks reconsideration of this Court's July 17 Order denying the plaintiff's request to extend the time to complete service on the Holy See.

I.<br>A.

Rule 59(e) allows a court to alter or amend a judgment if the movant can establish a manifest error of law or can present newly discovered evidence.  Fed.R.Civ.P. 59(e).  The plaintiff asks this Court to reconsider its order denying his latest request for more time to effect service on the Holy See; he urges the Court to allow an additional 90 days to complete service.

_____

[6]Meanwhile, as of July 18, 2014, two days after this Court's imposed deadline for completing service had expired, the plaintiff submits that the U.S. State Department was in the process of completing the procedures for serving the Holy See and could not indicate when service would be complete.

*B.*

It took nearly seven months for the plaintiff's first attempt at service on the Holy See to be completed (albeit, non-compliantly): three months after the complaint was filed, on April 23, 2013, the plaintiff requested that the Clerk of Court transmit his original complaint and related service documents to the Holy See; after the service documents were returned "refused" on May 20, 2013, the U.S. State Department received the plaintiff's request for service from the Clerk of Court on July 19, 2013, service was completed on December 6, 2013, but notice of completed service did not arrive at the Clerk of Court until January 6, 2014.[7]

_____

[7]As this Court has previously observed, Section 1608(a)'s service of process provisions are explicitly hierarchical: a plaintiff must attempt service in the order required by the statute. Magness v. Russian Fed'n, 247 F.3d 609, 613 (5ᵗʰ Cir. 2001)(Section 1608(a) of the Foreign Service Immunities Act "sets forth the *exclusive procedures* for service on a foreign state). Section 1608(a) sets forth the following methods of service:
   (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
   (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
   (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
   (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed to and dispatched by the clerk of court to the head of the ministry of foreign affairs of the

Accordingly, the plaintiff urges the Court to allow an additional 90 days for the State Department to carry out its responsibilities for completing service on the Holy See and delivering the notice of the completed service to the Clerk of Court. The plaintiff protests that the Court's denial of his request for additional time to effect service on the Holy See unfairly punishes the plaintiff for the time it takes to comply with diplomatic service procedures that are beyond his control.[8]

Accepting the plaintiff's argument at face value, the Court should renounce as unfair any deadline this Court imposes to effect service on a foreign sovereign. When the plaintiff failed to serve the correct version of the complaint, the Court allowed the

---

foreign state concerned, or
(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court to the Secretary of State in Washington, District of Columbia, to the attention fo the Director of Special Consular Services – and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a).

[8]The plaintiff contends that "[i]t would be a blatant injustice if the U.S. State Department is not allowed to complete Plaintiff's request or if this Court invalidates the service when it is shown that the service was completed after the July 16, 2014 service deadline."

8

plaintiff an additional 45 days to effect service.[9]  That was over
four months ago.  And, when the plaintiff requested an additional
60 days when the 45-day deadline expired, the Court obliged.  Now
the plaintiff seeks an additional 90 days.  To be sure, if service
still has not been effected after 90 days, even more time will be
requested.

The plaintiff insists that, last time, when he served the
wrong complaint, the service process took about five to seven
months to run its course; he urges the Court to allot him the five
to seven months, again, for the process to be completed. But given
plaintiff's counsel's chronic deficiencies and penchant for delay,
this case is not an appropriate benchmark.  Although the plaintiff
fails to cite any case law, this Court's research shows,
unsurprisingly, that courts generally impose and enforce more
reasonable deadlines on plaintiffs effecting service on foreign
sovereigns.  That is, when service defects are readily curable, and
a plaintiff has taken substantial steps toward strict compliance
with FSIA service protocols, courts generally allow the plaintiff
a reasonable time, such as 30 or 60 days, to effect service.  See,
e.g., O'Bryan v. Holy See, 490 F. Supp. 2d 826 (W.D. Ky.
2005)(finding that service of complaint on Holy See did not

---

[9]The record suggests that, after this Court's April 2 order
issued, it took plaintiff's counsel 12 days to have the amended
complaint translated and the rest of the materials organized to
be dispatched for service.

strictly comply with FSIA, but allowing plaintiffs an additional 60 days to perfect service); <u>Bank v. PT Bank Negara Indonesia (Persaro)</u>, No. 96-3201, 1997 WL 411465, at *5 (S.D.N.Y. Jul. 18, 1997)(denying motion to dismiss and allowing the plaintiff 90 days to perfect service in compliance with the FSIA); <u>Finamar Investors Inc. v. Republic of Tadjikistan</u>, 889 F. Supp. 114, 118 (S.D.N.Y. 1995)(finding service defective where plaintiff served the wrong entity in the wrong language, but permitting plaintiff an additional 60 days to perfect service under FSIA); <u>Lucchino v. Brazil</u>, 631 F. Supp. 821, 827 (E.D. Pa. 1986)(allowing plaintiff 20 additional days to perfect service under FSIA); <u>Resource Dynamics Int'l, Ltd. v. Gen. People's Comm.</u>, 593 F. Supp. 572 (N.D. Ga. 1984)(court allowed plaintiff additional time to perfect service under FSIA).

Had counsel made every effort to comply with the mandatory protocols for service from the outset of this case, which was filed on January 23, 2013, the plaintiff's position might be more compelling. Here, however, this case has been lingering on this Court's docket due to plaintiff's counsel's chronic deficiencies. The Court is not required to grant extensions *ad infinitum*. To await the next excuse. And the next and the next. Accordingly, the Court declines the plaintiff's invitation to continue to extend still another, a third deadline, with which the plaintiff and

counsel have had far more than ample opportunity for compliance.[10]

IT IS ORDERED: that the plaintiff's motion for reconsideration of this Court's order denying his ex parte motion to extend time to complete service on the Holy See is hereby DENIED.  The plaintiff's claims against the Holy See were dismissed on April 2, 2014, and the plaintiffs' deadline for effecting service in strict compliance with the FSIA has expired; the Court will promptly set a scheduling conference.

New Orleans, Louisiana, August 11, 2014

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[10]More than a year has passed since the plaintiff first attempted to serve the Holy See.

11